**UNITED STATES of America**

**v.**

**Charles BUCKNER, Defendant.**

**No. 04 CR. 279(LTS).**

United States District Court, S.D. New York.

Sept. 12, 2005.

Nicholas Stoloff Goldin, U.S. Attorney's Office, SDNY, New York City, for Plaintiff.

---

Edward Michael Kratt, New York City, for Defendant.

## MEMORANDUM ORDER

SWAIN, District Judge.

In motion papers dated November 22, 2004, Defendant Buckner moves to preclude the introduction into evidence at trial of a revolver and of certain statements allegedly made by the Defendant, asserting that the revolver was seized in violation of Defendant's Fourth Amendment rights and that the statements (if any), were obtained in violation of Defendant's Fifth Amendment rights. He also seeks to preclude the Government's use, pursuant to Federal Rule of Evidence 404(b), at trial of evidence of prior bad acts. Following lengthy adjournments of the briefing period in order to permit the defense to complete and supplement its evidentiary proffer, the motion is now fully submitted. Having reviewed carefully the parties' respective submissions, the Court finds that no evidentiary hearing is necessary to resolve the issues presented. For the following reasons, the Court denies Defendant's motion in its entirety.

### Suppression of Revolver

■ Defense seeks to suppress a revolver found beneath the front passenger seat of the livery cab in which he was arrested. (Def. Mot. dated November 22, 2004 at 4.) In his Affidavit, Defendant alleges that, on February 23, 2004, he was a passenger in a livery cab, when the cab was pulled over by New York City police officers. (Def. Aff. dated July 25, 2005 at ¶ 3.) The Government proffers that the cab was stopped after an officer had observed a person throw trash out of its window and that one of the officers saw Defendant, who was sitting in the back passenger seat, kick something under the front passenger seat after the cab was stopped. (Govt. Opp. dated December 20, 2004 at 1.) After re-moving Defendant from the cab, the officers searched the vehicle and seized a revolver. (*Id.*) Defendant claims that the stop of the vehicle, the subsequent search, and the seizure of the revolver violated his Fourth Amendment rights. (Def. Mot. at 4–5.)

Even if the stop, search and subsequent seizure were unjustified, Defendant has not met his burden of establishing that his personal Fourth Amendment rights were violated. *See United States v. Paulino,* 850 F.2d 93, 96 (2d Cir.1988) ("When considering a claimed violation of Fourth Amendment rights, the burden is on the defendant to establish that his own rights under the Fourth Amendment were violated"); *Rakas v. Illinois,* 439 U.S.128, 138–139, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). A defendant can assert a Fourth Amendment violation "only when the challenged conduct invaded his legitimate expectation of privacy." *United States v. Payner,* 447 U.S. 727, 731, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980). Courts have found that a passenger in a car, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile because he does not have the right to exclude others from the car. *See Rakas,* 439 U.S. at 141, 143 n. 12, 148, 99 S.Ct. 421 (no legitimate expectation of privacy in the glove compartment or area under the seat of the car for petitioners who were merely passengers with no property or possessory interest in car); *United States v. Paulino,* 850 F.2d 93, 96 (2d Cir.1988); *United States v. Abdul–Alim,* 1999 WL 4971, No. 98–1077, at *2 (S.D.N.Y. Jan. 6, 1999) (Defendant-passenger did not have a reasonable expectation of privacy in the trunk of a car where his brother owned the car but defendant had no possessory interest in the car; the defendant could not show that he had the right to exclude others from placing ob-

jects in the trunk); *United States v. Amparo*, 1988 WL 25186, No 89–753, at *3 (S.D.N.Y. Mar. 3, 1988) (Defendant-passenger sitting in the backseat of a livery cab presented no facts demonstrating that he had a legitimate expectation of privacy in the cab. "He thus failed to establish he has standing to suppress the evidence seized therefrom.").

In *Paulino, supra,* the Second Circuit found that there was no legitimate expectation of privacy under a floor mat of car for a passenger who had no ownership interest in the car and had known the driver for only one week; the passenger had no right to exclude others from the car. *Paulino*, 850 F.2d at 97. The *Paulino* Court's inquiry regarding a legitimate expectation of privacy focused on the defendant's subjective desire to keep the seized items private and the reasonableness of this subjective expectation. *Paulino*, 850 F.2d at 97. Here, unlike the *Paulino* case, the Defendant has not even proffered any evidence that he had a possessory interest in the revolver. In fact, Defendant denies both possession and prior knowledge of the revolver. (Aff. at ¶ 7.) However, even if he had acknowledged possessory interest in the revolver and a subjective expectation of privacy, on the basis of the facts before the Court, the Defendant has not satisfied the objective prong of the analysis. Like the *Paulino* passenger, the Defendant had no right to exclude others from the livery cab because he was a mere passenger. Indeed, during a January 25, 2005 pretrial conference, both counsel agreed that a hearing was not required on this issue. (See January 25, 2005 conference Tr. at 11). The Court finds that Defendant has not presented sufficient facts to show that he had a legitimate expectation of privacy in the area underneath the front passenger seat and his motion to suppress the revolver is consequently denied.

*Suppression of Statements*

Defendant seeks to suppress statements made to New York City police officers on February 23, 2004, as obtained in violation of his Fifth Amendment right against self-incrimination. In his Affidavit, Defendant alleges that, during a custodial interrogation and prior to being advised of his *Miranda* rights, he was questioned concerning the revolver and responded "the firearm was not mine and must have been in the cab before I entered the vehicle." (Aff. at ¶ 7.) The Government also alleges that Defendant asserted, post-arrest, that the allegations against him were unfounded. (Govt. Supp. Opp. dated August 31, 2005 at 1.)

It is axiomatic that the prosecution cannot use statements adduced during a custodial interrogation for its case in chief if *Miranda* rights were not properly administered. *See Miranda v. State of Arizona,* 384 U.S. 436, 445, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Oregon v. Elstad,* 470 U.S. 298, 307, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); *United States v. Morales,* 788 F.2d 883, 886 (2d Cir.1986). The Government has, however, undertaken not to use, in its case in chief, either the statement denying ownership of the revolver or the statement calling the allegations unfounded. (Gov. Supp. Opp. at 1.) In light of the Government's undertaking, the Court does not need to address Defense's motion on the admissibility of these statements and whether the police officers administered proper *Miranda* rights prior to any questioning. Accordingly, the motion, as to these statements, is denied as moot.

■ There is also an issue as to the admissibility of certain allegedly spontaneous statements made by the Defendant. In his Affidavit, Defendant admits that, prior to any questioning by the officers, he asked "What was going on?" and "Is there

a problem?" (Aff. at ¶ 4.) Defendant's proffer indicates that the statements were spontaneous and not the product of interrogation. *See Miranda,* 384 U.S. at 478, 86 S.Ct. 1602 ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."). A hearing is not required, as the defense has not proffered sufficient facts to raise a contestable issue as to the admissibility of these questions. *See United States v. Pena,* 961 F.2d 333, 339 (2d Cir.1992). Defense motion to suppress these questions is consequently denied.

There is a factual dispute as to whether certain other allegedly spontaneous statements were made. Government proffers that the Defendant (1) used profanity toward the officers, (2) made accusations that the officers were racist and that one officer was nothing without his gun and (3) offered to fight one of the officers. (See Govt. Opp. at 1 n. 1.) In his Affidavit, Defendant claims that he does not recall making any of these statements. (Aff. at ¶ 7.) Whether or not these statements were in fact made is not a question that raises any constitutional issues; therefore no suppression hearing on these statements is required at this time. Accordingly, Defendant's motion to suppress the allegedly spontaneous statements is hereby denied.

*Preclusion of Prior Bad Acts Evidence*

The defense seeks to preclude the Government from cross-examining the Defendant concerning evidence of any alleged prior bad acts, arrests, or convictions. (Def. Mot. at 13.) Under Federal Rule of Evidence 404(b), the Government must provide "reasonable notice in advance of trial" of such evidence that it intends to introduce at trial. Fed.R.Evid. 404(b) (West 2005). As no trial date has currently been set in this case, the defense motion

on this issue is denied as premature. At the July 25, 2005 conference, the Government indicated that it will provide any Rule 404(b) notice 30 days prior to trial.

For the foregoing reasons, Defendant's Motion for Omnibus Relief is denied in its entirety. Accordingly, the suppression hearing scheduled for September 15, 2005 is hereby cancelled. A pre-trial conference will instead be held at 3:45 p.m. on that date.

SO ORDERED.